IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HEZEKIAH PINSON,

                                          OPINION AND ORDER

               Plaintiff,

                                             19-cv-412-bbc

      v.

DANE COUNTY U.S. MARSHAL'S
INVESTIGATIVE UNIT AND
BELOIT AREA CRIME STOPPERS,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff and prisoner Hezekiah Pinson has filed a civil action under 42 U.S.C. § 1983, contending that the "Dane County U.S. Marshal's Investigative Unit" and Beloit Area Crime Stoppers violated his due process rights and defamed him by publicly identifying him as being wanted for armed robberies. His complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. Because I conclude that plaintiff's allegations do not support a constitutional claim against either defendant and plaintiff has identified no basis for jurisdiction over his state law claim, I will dismiss this case.

       Plaintiff alleges the following facts in his complaint.


ALLEGATIONS OF FACT

       In May 2018, defendants Dane County U.S. Marshal's Investigative Unit and Beloit

1

Area Crime Stoppers posted plaintiff Hezekiah Pinson's picture on Facebook and on an electronic billboard in Janesville, Wisconsin, stating that plaintiff was wanted for "armed robberies" and that he was "to be considered armed and dangerous."  Plaintiff had not committed any armed robberies and was never arrested, questioned or charged in connection with the armed robberies.  Eventually, another person was charged and convicted of the armed robberies at issue, and plaintiff's picture was removed from the Crime Stopper website.

OPINION

Plaintiff contends that defendants' actions violated his due process rights.  To state a due process claim, plaintiff must allege facts suggesting that defendants' decision to place his picture on the Crime Stoppers website and billboard deprived him of a liberty interest without due process.  Alston v. City of Madison, 853 F.3d 901, 909 (7th Cir. 2017).  "A plaintiff may prove a deprivation of a protected liberty interest by showing damage to his 'good name, reputation, honor, or integrity."  Id. (citations omitted).  But not every defamatory statement by a public official constitutes a deprivation of liberty within the meaning of the due process clause.  Id. (citing Paul v. Davis, 424 U.S. 693, 702 (1976)).  State action that simply harms a plaintiff's reputation is insufficient; the action must also alter a previously recognized legal status or right.  Hinkle v. White, 793 F.3d 764, 767–68 (7th Cir. 2015).  This is known as a "stigma-plus" injury.  Id. at 768.

Plaintiff's allegations are sufficient to satisfy the "stigma" portion of the stigma-plus

2

test, as he alleges that being labeled as "wanted for armed robberies" injured his reputation. However, plaintiff has not alleged facts suggesting that being identified as a wanted suspect altered a previously recognized legal status or right. His allegations are similar to those in Paul v. Davis, 424 U.S. 693, in which the plaintiff alleged that his name and photograph had been included on a flyer that was captioned "Active Shoplifters" and distributed among merchants by the police. The Supreme Court held that reputation alone does not implicate any liberty interest sufficient to invoke the procedural protection of the due process clause, and that something more than simple defamation by a state official must be involved to establish a claim under § 1983. Id. at 711-12. Therefore, in Paul, the police department's action in distributing the flyer did not deprive the plaintiff of any liberty interest. Id. In this instance, being identified as "wanted for armed robberies" did not deprive plaintiff of any liberty interest. Therefore, he has failed to state a due process claim.

Plaintiff also alleges that defendants defamed him. However, a defamation claim arises under state law, not federal law, and this court has jurisdiction over state law claims only in certain circumstances. Under 28 U.S.C. § 1332, this court has jurisdiction over state law claims if the parties are citizens of different states and the amount in controversy is greater than $75,000. Because plaintiff alleges that he and defendants are located in Wisconsin, this court does not have jurisdiction under § 1332. Under 28 U.S.C. § 1346, this court has jurisdiction over claims brought against the United States for injury caused by the negligent or wrongful acts of government employees. Plaintiff lists "Dane County U.S. Marshal's Investigative Unit" as a defendant, suggesting that he might be trying to sue

a United States government entity. However, there is no federal agency called "Dane County U.S. Marshal's Investigative Unit," and plaintiff's allegations do not suggest that any federal agency or employee was involved in placing plaintiff's picture on a local crime stoppers website. Instead, his allegations suggest that local law enforcement worked with Beloit Area Crime Stoppers to place plaintiff's pictures on the Crime Stoppers' website. Therefore, this court does not have jurisdiction under § 1346 either. Because I can think of no other possible basis for jurisdiction over plaintiff's state-law defamation claim, it must be dismissed. Plaintiff can choose to pursue his defamation claim in state court.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Hezekiah Pinson's failure to state a federal claim upon which relief may be granted. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g). The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 16th day of August, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge